UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. RAPP, SR., *et al.*, | ) | CASE NO. 1:20-cv-02059 |
| | ) | |
| *On behalf of himself and all others* | ) | |
| *similarly situated,* | ) | |
| | ) | MAGISTRATE JUDGE |
| Plaintiffs, | ) | THOMAS M. PARKER |
| | ) | |
| *v.* | ) | |
| | ) | |
| FOREST CITY TECHNOLOGIES, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF

The parties – Plaintiffs Mark A. Rapp, Sr. and A. Michael Perrine (hereinafter also collectively referred to as "Plaintiffs") and Defendants Forest City Technologies, Inc. and John Cloud, Jr. (hereinafter also collectively referred to as "Defendants" or "Forest City") – respectfully and jointly move the Court to enter a final order approving, as fair, reasonable, and adequate, the settlement of this collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the settlement of *Rule 23 Subclass 1* and *Rule 23 Subclass 2* Settlement Class Members' state-law claims pursuant to Fed. R. Civ. P. 23(e). In addition to the below Memorandum in Support, the parties attach the following in support of this joint motion:

Exhibit 1:    Proposed *Order Granting Joint Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief* ("Proposed Final Order and Judgment");

Exhibit 2:    Declaration of Settlement Class Administrator Settlement Services, Inc.;

Exhibit 3:    Final Class Member List; and

Exhibit 4:     Declaration of Class Counsel Ryan A. Winters of
Scott & Winters Law Firm, LLC ("Declaration of Class Counsel").

The settlement requires Forest City to make a total settlement payment of $850,000.00 plus any payroll taxes (such as, for example, the employer's share of federal, state and local taxes, worker's compensation insurance, unemployment insurance, or the employer's social security contributions) ordinarily borne by Defendants as employers pursuant to normal payroll practices. If approved, the settlement will be distributed as follows: (i) $464,195.00 will be paid to the 156 members of the *Rule 23 Subclass 1*, and $50,000 will be paid to the 389 members of the *Rule 23 Subclass 2*; (ii) a $7,500 service award will be paid to each of the Named and Representative Plaintiffs Mark A. Rapp, Sr. and A. Michael Perrine (for a total of $15,000.00), and service awards will be paid to Class/Collective Members who had their depositions taken – Kevin Schaffer, Michael Nixon, Kevin Dierkes, David Roser, Jerry Jones, Chris Adams, Brittany Rathwell, Kevin Vance, Jr., Tonya Sibert, Larry Abernathy, Tessie Sherrard, Robert R. White, III, Martin E. Konicek, Jr., and Felicia Markus/Randall – in the amount of $750.00 each (for a total of $10,500.00); (iii) a total of $283,305.00 (representing $278,165.47 in attorneys' fees (32.7% of the total settlement fund) and $5,139.53 in costs) will be paid to Class Counsel Scott & Winters Law Firm, LLC (hereinafter "Class Counsel"); and (iv) $27,000.00 will be paid to Settlement Class Administrator Settlement Services, Inc. (hereinafter "SSI") as necessary costs of settlement administration.

Points and authorities supporting approval of the settlement were submitted in the parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF #83) ("Preliminary Approval Motion"), which was adopted by the Court in its Order Granting Preliminary Approval of Settlement (ECF #84) ("Preliminary Approval Order"). Today's motion incorporates the

earlier submissions and supplements their content. At the time of this filing, no Settlement Class

Members have asserted an objection to the settlement.

Respectfully submitted,

s/ Ryan A. Winters
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
50 Public Square, Suite 1900
Cleveland, OH 44113
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Class Counsel*

s/ Sara H. Jodka        (via email consent)
Jonathan R. Secrest (0075445)
Sara H. Jodka (0076289)
**DICKINSON WRIGHT PLLC**
180 E. Broad Street, Suite 3400
Columbus OH 43215
(614) 744-2938
(844) 670-6009 (Fax)
jsecrest@dickinson-wright.com
sjodka@dickinsonwright.com

*Attorneys for Defendants*

## <u>TABLE OF CONTENTS</u>

Table of Authorities ..............................................................................................................v

Memorandum in Support ........................................................................................................1

I.      Introduction ......................................................................................................1

II.     Background and Summary of the Claims and the Terms of Settlement............................3

III.    Preliminary Approval of the Class/Collective Settlement ...................................................7

IV.    The Court-Approved Notice Process ........................................................................7

V.     Argument ........................................................................................................8

        A.     Settlement of the FLSA Claims ....................................................................9

        B.     Settlement of the State Law Claims ...............................................................9

        C.     The Results of the Notice Process Favor Approval ...............................................10

        D.     The Requested Attorney Fee and Litigation Costs Reimbursement Should be Approved ...............................................................................10

                1.     The *Ramey* Six-Factor Test Supports the Reasonableness of a Fee Award. ...............................................13

                2.     A Lodestar Cross-Check Supports the Reasonableness of the Requested Fee...........................................18

                        a.     Class Counsel's Hourly Rates are Reasonable ...............................................19

                        b.     Class Counsel's Hours Expended are Reasonable ...............................................22

                        c.     The Costs Expended by Class Counsel were Both Reasonable and Necessary .......................................26

VI.    Conclusion ......................................................................................................27

Certificate of Service ...........................................................................................................28

Certificate of Compliance with Page Limitation Requirements.......................................................28

## **TABLE OF AUTHORITIES**

**Cases**

*Adcock–Ladd v. Secretary of Treasury,* 227 F.3d 343 (6th Cir.2000).......................................... 19

*Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512
    (S.D. Ohio Nov. 5, 2020)................................................................................................... 26

*Barnes v. Winking Lizard, Inc.,* N.D.Ohio No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657
    (Mar. 26, 2019) ............................................................................................................ passim

*Beckman v. KeyBank, N.A.*, 293 F.R.D. 467 (S.D.N.Y.2013) ...................................................... 16

*Berry v. Fun Time Pool & Spa, Inc.*, No. 2:20-cv-1610, 2020 U.S. Dist. LEXIS 148836
    (S.D. Ohio Aug. 18, 2020)................................................................................................. 20

*Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) .................................... 19

*Bowling v. Pfizer, Inc.,* 102 F.3d 777 (6th Cir.1996).................................................................... 18

*Castillo v. Morales, Inc.,* S.D.Ohio No. 2:12-CV-650, 2015 U.S. Dist. LEXIS 192936
    (Dec. 22, 2015) ................................................................................................................. 18

*Clark v. Pizza Baker, Inc.,* No. 2:18-cv-157, 2022 U.S. Dist. LEXIS 198354 (S.D. Ohio
    Oct. 31, 2022) ................................................................................................................... 20

*Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08–CV–1119, 2011 WL 292008
    (S.D.Ohio Jan.26, 2011) ................................................................................................... 12

*Dillow v. Home Care Network, Inc.*, No. 2:16-cv-612, 2018 U.S. Dist. LEXIS 170579,
    2018 WL 4776977 (S.D. Ohio Oct. 3, 2018)............................................................... 19, 26

*Dillworth v. Case Farms Processing, Inc.*, N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist.
    LEXIS 20446 (Mar. 8, 2010)............................................................................... 13, 14

*Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836
    (S.D. Ohio May 17, 2021) ................................................................................................. 20

*Feiertag v. DDP Holdings, LLC*, S.D.Ohio No. 14-CV-2643, 2016 U.S. Dist. LEXIS
    122297 (Sep. 9, 2016)....................................................................................................... 18

*Foster v. Residential Programs*, S.D.Ohio No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS
    30963 (Feb. 18, 2021)....................................................................................................... 20

*Ganci v. MBF Insp. Servs.*, S.D.Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645
    (Dec. 3, 2019) .............................................................................................................. 18, 26

*Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269 (6th Cir.2016)...................................... 18

v

*Geier v. Sundquist,* 372 F.3d 784 (6th Cir.2004) .......................................................................... 19

*Gentrup v. Renovo Servs., LLC*, 2011 U.S. Dist. LEXIS 67887 (S.D. Ohio, June 24, 2011) ................................................................................................................................ 15

*Gresky v. Checker Notions Co*., No. 3:21-cv-01203, 2022 U.S. Dist. LEXIS 154506 (N.D. Ohio Aug. 26, 2022) .................................................................................................. 20

*Gunter v. Diamond Technical Services, Inc*., No. 2:20-cv-01428 (W.D. Penn. May 6, 2022) ................................................................................................................................ 20

*Hurt v. Commerce Energy, Inc*., N.D.Ohio No. 1:12-cv-758, 2018 U.S. Dist. LEXIS 168134 (Sep. 28, 2018) ...................................................................................................... 21

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litigation,* N.D.Ohio No. 1:08-WP-65000 (MDL 2001), 2016 U.S. Dist. LEXIS 130467 (Sep. 23, 2016) .................... 10

*Jackson v. Trubridge, Inc*., N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782 (N.D. Ohio Jan. 26, 2017) ................................................................................................... 9

*Kritzer v. Safelite Sols., LLC,* No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994 (S.D. Ohio May 30, 2012) ............................................................................................................ 14

*Lonardo v. Travelers Indemnity Co*., 706 F. Supp. 2d 766 (N.D. Ohio 2010) ............................ 12

*Lowther v. AK Steel Corp.,* S.D.Ohio No. 1:11-cv-877, 2012 U.S. Dist. LEXIS 181476, 2012 WL 6676131 (Dec. 21, 2012) ............................................................................... 16, 19, 26

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) .................................. 9

*Macaluso v. Zirtual Startups, LLC*, S.D.Ohio No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243 (Aug. 17, 2021) ........................................................................................................ 17

*Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 130 S. Ct. 1662, 176 L. Ed. 2d 494 (2010) ................................................................................................................................ 21

*Perry v. Beard*, S.D.Ohio No. 3:17-cv-161, 2021 U.S. Dist. LEXIS 13717 (Jan. 23, 2021) ....... 20

*Pineda v. Pit Columbus, LLC*, No. 2:17-cv-668, 2017 U.S. Dist. LEXIS 195288 (S.D. Ohio Nov. 28, 2017) .......................................................................................................... 20

*Ramey v. Cincinnati Enquirer, Inc*., 508 F.2d 1188 (6th Cir. 1974) ........................................... 13

*Rangel v. Paramount Heating & Air Conditioning, LLC*, No. 2:17-cv-473, 2020 U.S. Dist. LEXIS 39157 (S.D. Ohio Mar. 6, 2020) ......................................................................... 20

*Rapp v. Forest City Techs., Inc*., No. 1:20-cv-2059, 2021 U.S. Dist. LEXIS 131540 (N.D. Ohio July 15, 2021) ............................................................................................................... 4

*Rawlings v. Prudential–Bache Prop., Inc.*, 9 F.3d 513 (6th Cir. 1993) .................................. 12, 18

*Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722 (Apr. 30, 2018) ........ 26

*Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09–CV–1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) ..................................................................................................... 12, 14

*Swigart v. Fifth Third Bank*, S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450 (July 11, 2014) ............................................................................................ 12, 16, 18, 26

*Thorn v. Bob Evans Farms, Inc*., No. 2:12-CV-00768, 2016 U.S. Dist. LEXIS 195207, 2016 WL 814044 (S.D. Ohio Feb. 26, 2016) ......................................................... 18

*Walls v. JP Morgan Chase Bank, N.A*., Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325 (W.D. Ky. Oct. 13, 2016) ................................................................. 26

*Waters v. To You*, S.D.Ohio No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084 (Aug. 1, 2022) ......................................................................................................... 20, 26

*Wright v. Premier Courier, Inc*., S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019 (Aug. 17, 2018) ......................................................................................... 17

## Rules

Fed. R. Civ. P. 23 ................................................................................................... passim

Fed. R. Civ. P. 26 ............................................................................................................ 22

N.D. Ohio Local Rule 7.1 ................................................................................................ 28

## Statutes

29 U.S.C. § 207 ............................................................................................................. 3, 8

29 U.S.C. § 216 ......................................................................................................... passim

O.R.C. § 4111.03 ................................................................................................................ 3

O.R.C. § 4111.10 ................................................................................................................ 3

## Other Authorities

Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: *What Explains Settlements in Shareholder Class Actions?* (National Economic Research Assocs. (NERA) June 1995) .................................................................... 14

*The Economics of Law Practice in Ohio in 2013* ........................................................ 21

<u>**MEMORANDUM IN SUPPORT**</u>

**I.      INTRODUCTION**

Plaintiffs and Defendants submit this memorandum in support of their joint motion for final approval of the settlement of this class/collective action lawsuit. The settlement requires Forest City to make a total settlement payment of $850,000.00. If approved, the settlement will be distributed as follows: (i) $464,195.00 will be paid to the 156 members of the *Rule 23 Subclass 1*, and $50,000 will be paid to the 389 members of the *Rule 23 Subclass 2* (*See* ECF #83-1, Class/Collective Action Settlement Agreement ("Settlement Agreement") at PageID ##2413-16); (ii) a $7,500 service award will be paid to each of the Named and Representative Plaintiffs Mark A. Rapp, Sr. and A. Michael Perrine (for a total of $15,000.00), and service awards will be paid to Class/Collective Members who had their depositions taken – Kevin Schaffer, Michael Nixon, Kevin Dierkes, David Roser, Jerry Jones, Chris Adams, Brittany Rathwell, Kevin Vance, Jr., Tonya Sibert, Larry Abernathy, Tessie Sherrard, Robert R. White, III, Martin E. Konicek, Jr., and Felicia Markus/Randall – in the amount of $750.00 each (for a total of $10,500.00) (*id.* at PageID ##2421-22, ¶ 10); (iii) a total of $283,305.00 (representing $278,165.47 in attorneys' fees and $5,139.53 in costs) will be paid to Class Counsel (*see id.* at PageID #2421, ¶ 9); and (iv) $27,000.00 will be paid to Settlement Class Administrator SSI as necessary costs of settlement administration (*id.* at PageID #2422-23, ¶ 11).

On October 19, 2022, the Court entered an order preliminarily approving the settlement and authorizing the issuance of notice to the Class Members. (*See* ECF #84.) The Court noted that Plaintiffs' counsel, Scott & Winters Law Firm, LLC, who was previously appointed as Class Counsel on July 15, 2021, remains as class counsel. (ECF #84 at PageID #2470 (citing *see* Fed. R. Civ. P. 23(g)(3); ECF #31 at 24 [PageID #1957] ("Plaintiffs' counsel have met the requirements of Rule 23(g) and are therefore appointed Class Counsel as to the Rule 23 Subclasses.")).)

The notice process is now complete, and the settlement is ripe for final approval. Notably, no Class Members have objected to the settlement. In anticipation of the February 16, 2023, 9:00 a.m. fairness hearing, the parties file the above motion and this memorandum in support and ask the Court to enter an order:

- Certifying, pursuant to Fed. Rs. Civ. P. 23(a) and 23(b)(3), a settlement class consisting of all present and former hourly manufacturing employees of Defendant Forest City Technologies, Inc. in Ohio, except those who edited times of other manufacturing employees in the Paycom timekeeping software, during the period of October 1, 2017 until October 1, 2019 and who were not included in the *Nagy v. Forest City Technologies, Inc., et al.,* N.D. Ohio No. 1:19-cv-02290 settlement, and who did not previously exclude themselves from this action (the "*Rule 23 Subclass 1*");

- Certifying, pursuant to Fed. Rs. Civ. P. 23(a) and 23(b)(3), a settlement class consisting of (a) all present and former hourly manufacturing employees of Defendant Forest City Technologies, Inc. in Ohio who were not included in the *Nagy v. Forest City Technologies, Inc., et al.,* N.D. Ohio No. 1:19-cv-02290 settlement, during the period of September 14, 2018 to July 27, 2022, and who did not previously exclude themselves from this action, and (b) all present and former hourly manufacturing employees of Defendant Forest City Technologies, Inc. in Ohio who were included in the *Nagy v. Forest City Technologies, Inc., et al.,* N.D. Ohio No. 1:19-cv-02290 settlement, during the period of July 20, 2020 to July 27, 2022, and who did not previously exclude themselves from this action (the "*Rule 23 Subclass 2*");

- Approving, pursuant to Fed. R. Civ. P. 23(e)(2), the settlement of this action as "fair, reasonable, and adequate;"

- Approving Class Members' waiver of their wage and hour claims as provided in the Settlement Agreement;

- Approving a $7,500 service award payment to each of the Named and Representative Plaintiffs Mark A. Rapp, Sr. and A. Michael Perrine (for a total of $15,000.00), and service awards to Class/Collective Members who had their depositions taken – Kevin Schaffer, Michael Nixon, Kevin Dierkes, David Roser, Jerry Jones, Chris Adams, Brittany Rathwell, Kevin Vance, Jr., Tonya Sibert, Larry Abernathy, Tessie Sherrard, Robert R. White, III, Martin E. Konicek, Jr., and Felicia Markus/Randall – in the amount of $750.00 each (for a total of $10,500.00); and

- Approving, pursuant to Fed. R. Civ. P. 23(h), a payment to Class Counsel of $283,305.00 (representing $278,165.47 in attorneys' fees and $5,139.53 in costs).

A proposed Final Order and Judgment is attached as Exhibit 1 for the Court's consideration.

## II.    BACKGROUND AND SUMMARY OF THE CLAIMS AND THE TERMS OF SETTLEMENT

Plaintiff Mark A. Rapp, Sr. commenced this action on September 14, 2020 against Defendants Forest City Technologies, Inc., Technifab, Inc., and John Cloud, Sr., seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code Ann. §§ 4111.01, *et seq.* (Compl., ECF #1.) On June 17, 2021, the Court entered an Order granting Plaintiff's motion for leave to file an amended complaint, which added A. Michael Perrine as a representative/named Plaintiff, John Cloud, Jr. as a Defendant, and dismissed Technifab, Inc. and John Cloud, Sr. from this Action. (ECF #25.) Plaintiffs' First Amended Complaint alleged that they and other similarly situated employees were willfully not paid for all time worked, including compensable time at the beginning and end of their shifts, as a result of Defendants' alleged unlawful time editing and rounding policies, as well as that Defendants allegedly failed to include categories of "remuneration of employment" that must be incorporated in the regular rate, *see* 29 U.S.C. § 207(e), including non-discretionary payments such as shift differential and "additional pay" payments, *see* 29 C.F.R. §§ 778.207, 778.115, and that Forest City worker-class members are owed overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 207, and Ohio Revised Code §§ 4111.03, 4111.10. (*See* ECF #23-1, Am. Compl. ¶¶ 23-50.)  Defendants filed an Answer to the Amended Complaint, denying Plaintiffs' claims and asserting affirmative defenses. (*See generally* ECF #28, Defs.' Answer to Am. Compl.)

The Court granted Plaintiffs' Class Certification Motion on July 15, 2021. (ECF #31),

2021 U.S. Dist. LEXIS 131540. In its Order, the Court appointed and designated Plaintiffs'

counsel, Scott & Winters Law Firm, LLC, as Class Counsel. (*See* ECF #31 at PageID #1957

("Plaintiffs' counsel have met the requirements of Rule 23(g) and are therefore appointed Class

Counsel as to the Rule 23 Subclasses.").)

After comprehensive and extensive investigations, discovery including written discovery,

depositions of Representative Plaintiffs Mark A. Rapp, Sr. and A. Michael Perrine and fourteen

of Defendants' other employees, and individual Defendant John Cloud Jr., as well as third party

discovery of Defendants' payroll processor Paycom Payroll LLC ("Paycom") via subpoena –

which permitted a comprehensive analysis of all relevant wage-and-hour information and data

comprised of approximately 4,610,000 data points and calculations of the unpaid wages for the

Class Members based off approximately 80% of the total timekeeping and payroll records during

the relevant period – the parties were able to reach a final resolution of the matter following two

mediations before Magistrate Judge William H. Baughman, Jr., a very seasoned and experienced

jurist and mediator, on May 17, 2022 and July 27, 2022.

As a result of these comprehensive investigation and arms-length negotiations,

Defendants have agreed to pay the total settlement amount of $850,000.00, which will be made

in full and final settlement of: (1) the claims released by Plaintiffs and other Class Members; (2)

attorneys' fees and reimbursed litigation expenses; (3) costs of administration; (4) service

awards; and (5) any other obligations of Defendants under the Settlement Agreement.

The *Rule 23 Subclass 1* consists of:

All present and former hourly manufacturing employees of Defendant Forest City
Technologies, Inc. in Ohio, except those who edited times of other manufacturing
employees in the Paycom timekeeping software, during the period of October 1,
2017 until October 1, 2019 and who were not included in the *Nagy v. Forest City*

*Technologies, Inc., et al.,* N.D. Ohio No. 1:19-cv-02290 settlement, and who did not previously exclude themselves from this action.

(ECF #83-1, Settlement Agreement at PageID ##2411-12.) From the Gross Settlement Amount, the total sum of $464,195.00 shall be allocated to the 156 *Rule 23 Subclass 1* Members whose names are listed in the Final Class Member List attached as Exhibit 3, resulting in an average gross recovery of $2,975.61 per *Rule 23 Subclass 1* Member. Payments to *Rule 23 Subclass 1* Members are based proportionally on each Class Member's respective weeks of service to Forest City from October 1, 2017 until October 1, 2019. (*Id.* at PageID ##2411-12, 2414-15.) In addition, *FLSA Collective Action Subclass 1* Members (who are also *Rule 23 Subclass 1* Members) will receive additional compensation for the third year of recovery (including liquidated damages as applicable). *See* 29 U.S.C. § 216(b).

As to the *Rule 23 Subclass 1*, *after* deduction of attorneys' fees and expenses, at an average hourly overtime rate of $28.80, Class Members will receive an additional approximate 12.4 minutes of pay per day worked over the class period based on a 5-day workweek (during the *Rule 23 Subclass 1* period, excluding federal holidays), or approximately 155% of their alleged wage damages were they to have worked an additional 8 minutes per day off the clock, or 124% of their alleged wage damages were they to have worked an additional 10 minutes per day off the clock. Moreover, and as to *Rule 23 Subclass 1*, inherent in the proposed distribution method in which Class Members are distributed settlement payments based proportionally on each Class Member's respective weeks of service to Defendants during the relevant period, the settlement proposal treats *Rule 23 Subclass 1* Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

In addition, the *Rule 23 Subclass 2* consists of:

(a) All present and former hourly manufacturing employees of Defendant Forest City Technologies, Inc. in Ohio who were not included in the *Nagy v. Forest City Technologies, Inc., et al.,* N.D. Ohio No. 1:19-cv-02290 settlement, during the period of September 14, 2018 to July 27, 2022, and who did not previously exclude themselves from this action, and (b) all present and former hourly manufacturing employees of Defendant Forest City Technologies, Inc. in Ohio who were included in the *Nagy v. Forest City Technologies, Inc., et al.,* N.D. Ohio No. 1:19-cv-02290 settlement, during the period of July 20, 2020 to July 27, 2022, and who did not previously exclude themselves from this action.

(ECF #83-1, Settlement Agreement at PageID #2412.) *Rule 23 Subclass 2* Members will be paid the total allocated amount of $50,000.00 as set forth in the Settlement Agreement, resulting in a final average gross recovery of $128.53 per *Rule 23 Subclass 2* Member based on a final class of 389 members. As to *Rule 23 Subclass 2*, payments to Class Members are based proportionally on each Class Member's respective weeks of service to Forest City from September 14, 2018 to July 27, 2022 if the individual was not included in the *Nagy* settlement, or from July 20, 2020 (the *Nagy* settlement coverage period end date) to July 27, 2022 if the individual was included in the *Nagy* settlement. In addition, *FLSA Collective Action Subclass 2* Members (who are also *Rule 23 Subclass 2 Members*) that did not participate in the *Nagy* settlement will receive additional compensation for the approximate third year of recovery prior to conditional certification, and all *FLSA Collective Action Subclass 2* Members will receive additional compensation as liquidated damages. *See* 29 U.S.C. § 216(b). Moreover, and as to *Rule 23 Subclass 2*, inherent in the proposed distribution method in which Class Members are distributed settlement payments based proportionally on each Class Member's respective weeks of service to Defendants during the relevant period, the settlement proposal treats *Rule 23 Subclass 2* Members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

As to both Rule 23 settlement subclasses and the FLSA Collective, this is not a "claims-made" settlement. All Class Members will receive a settlement check. *See* Fed. R. Civ. P. 23(e)(2)(D). **No class member has objected to the settlement.**

The proposed Settlement also provides for service awards to Representative Plaintiffs and Class/Collective Members who had their depositions taken in recognition of their assistance to Class Counsel and their contribution to achieving the Settlement on behalf of all Class Members. In addition, Class Counsel will receive attorneys' fees and reimbursed litigation costs; after reductions for litigation expenses, the attorney fee recovery will equal approximately 32.7% of the settlement fund. As provided in the Settlement Agreement, attorneys' fees and costs to Class Counsel will not be paid by Defendants until after the final approval order is issued by the Court, contemporaneously along with the settlement payments to Plaintiffs and all other Class Members. (*See* ECF #83-1 at 2419-2422, ¶¶ 8-10.)

## III.   PRELIMINARY APPROVAL OF THE CLASS/COLLECTIVE SETTLEMENT

On October 11, 2022, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and supporting exhibits. (ECF ##83, 83-1, 83-2, 83-3, 83-4.) On October 19, 2022, the Court entered the Preliminary Approval Order, (i) preliminarily approving the settlement; (ii) approving the class Notice form and protocols; and (iii) scheduling a fairness hearing for February 16, 2023. (*See* ECF #84.)

## IV.   THE COURT-APPROVED NOTICE PROCESS

Per the Settlement Agreement and Preliminary Approval Order, Settlement Administrator SSI performed address updates and mailed the Notice forms to 424 unique[1] putative

---

[1] As provided in Exhibit 2, SSI Decl. at ¶ 3, "[on] November 11, 2022, Defendants' Counsel provided SSI with one (1) spreadsheet (the "Class List") that included Collective/Class Member

class/collective members. (*See* Ex. 2, Declaration of Settlement Administrator SSI – Assistant Director of Operations Aisha Lange ("SSI Decl.") at ¶¶ 4-8.) Various Notice forms were re-mailed pursuant to the Court-approved protocols. (*See id.* at ¶¶ 6-8.)

Class Members had until January 23, 2023 to object to or seek exclusion from the settlement. (*See* SSI Decl. at ¶ 9-10; *see also* ECF #83-1, Settlement Agreement at PageID ##2418 -19, ¶¶ 6-7.) **No class member has objected to the settlement**, and SSI has received seven (7) requests for exclusion (Ex. 2, SSI Decl. at ¶¶ 9-10), which have been timely filed with the Court by Class Counsel (ECF ##85-1, 85-2, 86-1, 86-2, 87-1, 87-2, 88-1).

## V.     ARGUMENT

This settlement covers the two (2) Named Plaintiffs and 415 other (417 total) current and former non-exempt hourly employees of Defendants, who claim that, as a result of Defendants' alleged unlawful overtime calculation and payment practices and/or policies, they are owed overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 207, and O.R.C. §§ 4111.03, 4111.10. (*See generally* ECF #23-1, Am. Compl.; *see also* ECF #83-1, Settlement Agreement at PageID ##2411-12.) The settlement resolves wage-and-hour claims of Named Plaintiffs, FLSA Collective Action (including *FLSA Collective Action*

---

Status, Employee Name, Hire Date, Termination Date (OLD DATA), Termination Date (UPDATED DATA), Street, City, State, Zip Code, Personal Email, Opt-IN?, Nagy Participant?, Notes 1, and Notes 2 for seven hundred fourteen (714) Class Members. SSI reviewed the spreadsheet and identified one hundred ninety-six (196) sets of duplicate records with same Employee Name and Hire Date. On November 14, 2022 Defendants' Counsel provided a 2nd spreadsheet ("Class List with SSNs") which included Collective/ Class Member Status, Employee Name, SS#, Hire Date, Termination Data (OLD DATA), Termination Data (UPDATED DATA), Street, City, State, Zip Code, Personal Email, Opt-In?, Nagy Participant?, Notes 1, and Notes 2 for seven hundred fourteen (714) Class Members. SSI reviewed the spreadsheet and identified four hundred twenty-four (424) unique Class Members."

*Subclass 1* and *Subclass 2*), *Rule 23 Subclass 1*, and *Rule 23 Subclass 2* Members as provided in the Settlement Agreement. (*Id.* (defining "Covered Class/Collective Members").)

### A.     Settlement of the FLSA Claims

As to the FLSA claims governed by 29 U.S.C. § 216(b), the Court previously found that "[t]here is a 'bona fide dispute between the parties as to the employer's liability under the FLSA' and the Settlement Agreement 'is fair, reasonable, and adequate.'" (ECF #84 at ¶ 9 (citing *Jackson v. Trubridge, Inc.*, No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D. Ohio Jan. 26, 2017) (internal quotation marks omitted); citing *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).) The Court accordingly found in its Preliminary Approval Order that "the proposed Settlement Agreement satisfies the standards for approval of a class/collective action settlement under 29 U.S.C. § 216(b) and Ohio Rev. Code §§ 4111.01, *et seq*." (ECF #84 at ¶ 9.)

### B.     Settlement of the State Law Claims

As to the state law Rule 23 claims, the parties' Preliminary Approval Motion made the required showing under Fed. R. Civ. P. 23. Based on that showing, the Court ruled that it "**PRELIMINARILY APPROVED**" the settlement of this action under Fed. R. Civ. P. 23 "because it appears that, at the final approval stage, the court 'will likely be able to' approve the settlement under the criteria described in Civil Rule 23(e)(2) and certify the settlement classes under the criteria described in Civil Rules 23(a) and 23(b)(3)." (ECF #84 at ¶ 13 (emphasis original) (citing *see* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii)).) The Court noted that Plaintiffs' counsel, who was previously appointed as Class Counsel on July 15, 2021, remains as class counsel (ECF #84 at ¶ 17 (citations omitted)), and approved the proposed "Notice of Class Action Settlement" form and ordered that it "shall be sent to the '*Rule 23 Subclass 1 Members*' and the '*Rule 23*

*Subclass 2 Members'* as defined in the Settlement Agreement, pursuant to such protocols" (*id.* at ¶ 14).

Thus, the Court's convening of the Fairness Hearing on February 16, 2023 will complete the notice-and-hearing process prescribed by Rule 23(e). *See* Fed. R. Civ. P. 23(e)(1-2) (a class settlement may be approved only after notice and hearing, and upon finding that it is "fair, reasonable, and adequate"); *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litigation,* N.D.Ohio No. 1:08-WP-65000 (MDL 2001), 2016 U.S. Dist. LEXIS 130467, at *24-28 (Sep. 23, 2016) (granting final approval of a class settlement under Rule 23(e)).

### C.      The Results of the Notice Process Favor Approval

The results of the notice process are reported in the attached declaration from Settlement Class Administrator Settlement Services, Inc., attached as Exhibit 2 and incorporated by reference herein. Ms. Aisha Lange is Assistant Director of Operations at Settlement Services, Inc., the firm retained as Settlement Administrator. (Ex. 2, SSI Decl. ¶¶ 1-2.) Ms. Lange explains that "SSI is serving in this Action … as the Administrator for the purposes of administering the Class/Collective Action Settlement Agreement, preliminarily approved in the Court's Order dated October 19, 2022." (*Id.* at ¶ 2.) Ms. Lange submits "this Declaration in order to provide the Court and the Parties to this Action with information regarding the dissemination of the Notice of Class Action Settlement ("Notice"), processed in accordance with the Court's Order." (*Id.*)

Pursuant to the Settlement Agreement and the Court's Order, Ms. Lange states that "[o]n November 23, 2022 (the "Notice Date"), SSI mailed the Notice by first-class mail, postage prepaid, from Tallahassee, Florida, to the four hundred twenty-four (424) Class Members on the Class List." (*Id.* at ¶ 5.) So as to ensure that notices were sent to putative Class Members at the most updated and accurate address available, Ms. Lange reports that:

**NCOA.**  In order to obtain the most current mailing address for Class Members, SSI processed the Class List addresses through the National Change of Address ("NCOA") database maintained by the United States Postal Service ("USPS"). This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.

***

**Undeliverable Mail**. As of this date, a total of twenty (20) original Notices have been returned to SSI by the USPS as undeliverable without forwarding address information. SSI conducted a locator trace for each individual with a returned Notice Packet prior to the postmark deadline, and possible new addresses were obtained for eighteen (18) of them. SSI re-mailed Notices to these possible new addresses.

**Remail by Request**.  There were no (0) Notices re-mailed on the request of Class Counsel.….. **Remail to PO Forward.** There were no (0) Notices re-mailed to PO forwarding addresses provided by the USPS.

(*Id.* at ¶¶ 4, 6-8.) Ms. Lange further reports "[t]he deadline for Class Members to exclude themselves from the Class was a postmark deadline of January 23, 2023. As of the date of this declaration, SSI has received seven (7) requests for exclusion, timely or otherwise." (*Id.* at ¶ 9.) In addition, "[t]he deadline for Class Members to object to the Settlement was a postmark deadline of January 23, 2023. As of the date of this declaration, SSI has received no (0) objections, timely or otherwise." (*Id.* at ¶ 10.)

The fact that no Class Members have objected to the settlement unequivocally shows that the affected individuals support the settlement and want it to be approved.

### D. The Requested Attorney Fee and Litigation Costs Reimbursement Should be Approved

Plaintiffs respectfully request approval of the attorneys' fees award and litigation costs reimbursement as provided in the Settlement Agreement in the total amount of $283,305.00. (ECF #83-1, Settlement Agreement at PageID #2421, ¶ 9.) After deduction for litigation costs, Plaintiffs' attorneys' fees award of $278,165.47, or 32.7% of the common settlement fund, is

slightly less than a one-third percentage of the fund award typically ordered in complex wage and hour cases. The value of the benefit rendered to the class eminently favors approval of the requested award. Sixth Circuit authority unequivocally favors approval. The requested attorney fee award and costs reimbursement should be approved for all of the following reasons.

The Sixth Circuit has approved the percentage-of-the-fund method to determine a reasonable attorney's fee. *See Rawlings v. Prudential–Bache Prop., Inc.*, 9 F.3d 513, 515–16 (6th Cir. 1993); *Harsh v. Kalida Mfg.,* No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at \*19-21 (N.D. Ohio Sep. 13, 2021); *Barnes v. Winking Lizard, Inc.,* N.D.Ohio No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at \*12-13 (Mar. 26, 2019). "Courts readily approve the percentage-of-the-fund method when a plaintiff obtains an exceptional result and avoids extended litigation time and costs." *Osman v. Grube, Inc.,* No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at \*6-7 (N.D. Ohio May 4, 2018) (citing *Rotuna v. W. Customer Mgmt. Grp., LLC*, No. 4:09–CV–1608, 2010 U.S. Dist. LEXIS 58912, 2010 WL 2490989, at \*7 (N.D. Ohio June 15, 2010) (approving one-third of the common fund as attorneys' fees) (additional citations omitted)). "In this district, 'the preferred method is to award a reasonable percentage of the fund, with reference to the lodestar and the resulting multiplier.'" *Swigart v. Fifth Third Bank*, S.D.Ohio No. 1:11-cv-88, 2014 U.S. Dist. LEXIS 94450, at \*14-15 (July 11, 2014) (citing *Connectivity Sys. Inc. v. Nat'l City Bank,* No. 2:08–CV–1119, 2011 WL 292008, at \*13 (S.D.Ohio Jan.26, 2011)); *Lonardo v. Travelers Indemnity Co*., 706 F. Supp. 2d 766, 790 (N.D. Ohio 2010) (percentage-of-fund is the "preferred method"). Another court within this district has noted that "[t]he percentage of the common fund method has the advantage of establishing reasonable expectations on the part of class counsel 'as to their expected recovery,' and encourag[es] early settlement before substantial fees and expenses have accumulated." *Dillworth v. Case Farms*

*Processing, Inc.*, N.D.Ohio No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *19 (Mar. 8, 2010).

       **1.**       **The *Ramey* Six-Factor Test Supports the Reasonableness of the Fee Award**

Under the percentage-of-fund method, courts consider the six "*Ramey* Factors." *See Barnes*, 2019 U.S. Dist. LEXIS 65657, at *13-17 (citing and applying *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974)). In determining the reasonableness of the fee award, a court considers the following factors: (1) the value of the benefit rendered to the class (*i.e.*, the results achieved); (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel involved on both sides. *Ramey*, 508 F.2d at 1196 (citations omitted). As discussed below, each *Ramey* Factor favors approval of the requested award.

      <u>***Ramey* Factor 1 – the Value of the Benefits Rendered to the Class**</u>: The recovery for the class here is exemplary. The parties deeply disputed the average or approximate number of minutes Defendants' employees worked off the clock. From Plaintiffs' perspective, employees would generally clock in early and begin working, and their hours would be either rounded or edited against them resulting in non-payment of compensable time worked. Conversely, from Defendants' perspective, employees generally performed no job duties and engaged in no compensable, non-*de minimis* activities prior to their shift starting time.

That said, the efforts of Class Counsel resulted in an excellent result for Class Members. Settlement payments to *Rule 23 Subclass 1* Members – after deduction of attorneys' fees and expenses – represent an approximate additional 12.4 minutes of pay per day worked over the

class period based on a 5-day workweek (during the *Rule 23 Subclass 1* period, excluding federal holidays). *Rule 23 Subclass 1* Members will receive approximately 155% of their alleged wage damages were they to have worked an additional 8 minutes per day off the clock, or 124% of their alleged wage damages were they to have worked an additional 10 minutes per day off the clock. As to *Rule 23 Subclass 2*, Class Members will receive consideration for release of claims notwithstanding the practical and legal reality that these Class Members have relatively minor damages during the relevant time period, which Class Counsel calculated for the purpose of mediation at a maximum wage damages amount of $44,959.20 (before liquidated damages) for the entire class, resulting in finality for all parties to this action.

As to both subclasses, such allocations are "well above the 7 % to 11 % average result achieved for class members."[2] *Dillworth*, 2010 U.S. Dist. LEXIS 20446, at *20 (citing *see* Frederick C. Dunbar, Todd S. Foster, Vinita M. Juenja, Denise N. Martin, Recent Trends III: *What Explains Settlements in Shareholder Class Actions?* (National Economic Research Assocs. (NERA) June 1995)). As such, the settlement "provides relatively early relief to class members, and it eliminates the additional risks the parties would otherwise bear if this litigation were to continue." *Barnes*, 2019 U.S. Dist. LEXIS 65657, at *14.

---

[2] As noted in the Preliminary Approval Motion (ECF #83 at PageID ##2393-94), the recovery for the covered employees is significantly greater than the payments equating to several minute payouts in other Ohio lawsuits in which other workers sought payment for pre- and/or post-shift activities. For example, in *Kritzer*, the court approved a settlement in which employees' payments equated to 4 minutes of unpaid wages per day. *See Kritzer v. Safelite Sols., LLC,* No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *7 (S.D. Ohio May 30, 2012). Similarly, in *Rotuna*, the court approved an "exceptional" settlement recovery in which class members recovered 25% of the damages they would have recovered by proving 8 minutes of unpaid wages per day, or 75% of their damages by proving 5 minutes of unpaid work each day. *Rotuna*, 2010 U.S. Dist. LEXIS 58912, at *21.

14

**_Ramey_ _Factor 2 – Society's Interest in Rewarding the Attorneys_:** This factor favors approval because "society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters." _Gentrup v. Renovo Servs., LLC_, 2011 U.S. Dist. LEXIS 67887, *14 (S.D. Ohio, June 24, 2011); _accord Barnes_, 2019 U.S. Dist. LEXIS 65657, at *14-15. Although the average recoveries of $2,975.61 and $128.53, as to _Rule 23 Subclasses 1_ and _2_, respectively, are substantial amounts, it likely would not make sense to file a lawsuit for such amounts.[3] Only through the class action devise, as utilized by competent counsel, will the employees' rights to allegedly unpaid overtime be vindicated. It is in society's interest that employees be lawfully and properly compensated for their work time.

**_Ramey_ _Factors 3-4 – Value of the Services Rendered, and Contingent Fee Basis:_** The legal services provided in this case were undertaken on a contingency fee basis whereby Plaintiffs as class representatives agreed to compensate counsel in the amount of 33 1/3% of the total amounts recovered – an amount commonly approved in wage and hour class/collective actions across the Sixth Circuit as reasonable. However, Class Counsel seeks to recover a slightly lesser amount of 32.7% of the common fund after deduction for reimbursed litigation expenses, which falls below the "one-third" reasonable amount. The contingent nature of the fee agreement meant that counsel bore the risk of receiving no fee if the case was not successful and strongly supports that the requested award is reasonable – as in any wage and hour matter, there is a real potential that Defendants could win outright and leave Plaintiffs and the class with no recovery. Moreover, as further explained below, the value of the services rendered on an hourly basis (as of February 2, 2023, the date Class Counsel's Declaration was drafted) is $372,470.00,

---

[3] By way of example, the civil matter filing fee for the N.D. Ohio is currently $402.00. _See_ https://www.ohnd.uscourts.gov/fee-schedule (last accessed Jan. 29, 2023).

a lodestar multiplier of 0.75, which will be further reduced (*see* Section *V, D, 2, b* below) after the addition of additional hours counsel collectively has and will spend preparing, reviewing changes by defense counsel, and finalizing the briefing of this motion and memorandum, declaration and related exhibits, preparing for and participating in the Fairness Hearing, and any other work completed since February 2, 2023 and through the conclusion of this matter, including relating to finalizing this case and overseeing administration of the settlement. This negative multiplier is well within the range of similar cases approved within the Sixth Circuit, and also favors approval. *Swigart,* 2014 U.S. Dist. LEXIS 94450, at *17-18 (approving requested fee of $1,320,000 where cumulative lodestar amounted to $512,885, or a 2.57 multiplier "which is consistent with other risk multipliers approved in complex class actions in this Circuit") (citing *see, e.g., Lowther v. AK Steel Corp.,* S.D.Ohio No. 1:11-cv-877, 2012 U.S. Dist. LEXIS 181476, 2012 WL 6676131, at *5-6 (Dec. 21, 2012) (awarding $1,275,000 in fees with a lodestar cross-check of $416,669.48 (3.06 multiplier)).

**_Ramey_ Factor 5 – _Complexity of the Litigation_:** Fifth, "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Swigart,* 2014 U.S. Dist. LEXIS 94450, at *18 (citing *see Beckman v. KeyBank, N.A*., 293 F.R.D. 467, 478-479 (S.D.N.Y.2013)). As observed in *Barnes,* 2019 U.S. Dist. LEXIS 65657, at *16-17:

> This is particularly true [] where Plaintiffs alleged overtime claims under the FLSA, and under the state laws of Ohio. Resolving the procedural issues, the merits, and damages would have been risky, costly, and time consuming. Accordingly, the litigation was difficult and complex, and this factor weighs in favor of awarding the requested fees.

The case here was likewise complex, not only for the sheer amount of information required to be analyzed and processed in this class action, but because of the complexity of the calculations needed to be performed. As summarized in *Section V, D, 2, b* below, the tasks

16

required of Class Counsel in this case were substantial, requiring, as of February 2, 2023, a collective 893.9 hours of attorney time by Class Counsel. Ultimately, Class Counsel's comprehensive investigation included an analysis of the wage-and-hour information and other data and documents comprising of over 4,610,000 data points from the records produced by Defendants which permitted the parties to compute a calculation of the unpaid overtime for the Named Plaintiffs, FLSA collective members, and both putative Rule 23 subclasses. The comprehensive discovery, detailed class certification briefing, intricate analyses, and other litigation requirements were difficult and time-consuming, but ultimately proved instrumental to the negotiation of the proposed Settlement.

 *Ramey* **Factor 6 – Professional Skill and Standing of Counsel**: Last, Class Counsel is highly experienced in wage and hour class and collective actions. (*See* ECF #83-4, Decl. of Counsel for Preliminary Approval at ¶¶ 6-13.) The professional standing and skill of the attorneys on both sides meets a high standard, and the competency and efficient handling of this matter reflects the exemplary recovery provided to Class Members. *See Wright v. Premier Courier, Inc*., S.D.Ohio No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *18-19 (Aug. 17, 2018) (approving one-third attorney fee award and noting "the hours expended and time records submitted by Class Counsel [including Scott & Winters] further underscore their competency and efficient handling of this matter, favoring approval."); *Macaluso v. Zirtual Startups, LLC*, S.D.Ohio No. 2:19-CV-3616, 2021 U.S. Dist. LEXIS 154243, at *19 (Aug. 17, 2021) ("The professional skill and standing of the attorneys involved weighs in favor of granting Plaintiffs' counsel's requested fee award…. Plaintiff's counsel [Scott & Winters] brings substantial collective experience in litigating claims under [the] FLSA.").

## 2. A Lodestar Cross-Check Supports the Reasonableness of the Requested Fee

*Rawlings,* 9 F.3d at 517, held that "use of either the lodestar or percentage of the fund method of calculating attorney's fees is appropriate in common fund cases" and "the determination of which method is appropriate in any given case will depend upon its circumstances." *Accord Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir.2016). The court has discretion to select one method over the other, or to use them in combination. *See, e.g., Bowling v. Pfizer, Inc.,* 102 F.3d 777, 780 (6th Cir.1996) ("the district court based its fee award on a percentage of the common fund and then cross-checked the fee against class counsel's lodestar"); *Thorn v. Bob Evans Farms, Inc*., No. 2:12-CV-00768, 2016 U.S. Dist. LEXIS 195207, 2016 WL 8140448, at *3 (S.D. Ohio Feb. 26, 2016). However, a "cross-check of the attorney-fee request using Class Counsel's lodestar is optional…" *Feiertag v. DDP Holdings, LLC*, S.D.Ohio No. 14-CV-2643, 2016 U.S. Dist. LEXIS 122297, at *21 (Sep. 9, 2016).

When applying a lodestar cross-check of a percentage-of-the-fund attorney fee award, the award is reasonable when it amounts to a multiplier of approximately 2.5. *See Castillo v. Morales, Inc.,* S.D.Ohio No. 2:12-CV-650, 2015 U.S. Dist. LEXIS 192936, at *22-23 (Dec. 22, 2015) ("Class Counsel's cumulative lodestar of $263,479.00, compared to its requested fee of $660,000.00, yields a lodestar multiplier of approximately 2.5. This is typical of lodestar multipliers in similar cases."). *Swigart,* 2014 U.S. Dist. LEXIS 94450, at *18 (approving multiplier of 2.57 in a FLSA case); *Feiertag,* 2016 U.S. Dist. LEXIS 122297, at *20-21 (citing *Johnson v. Midwest Logistics Sys., Ltd*., No. 2:11-cv-1061, 2013 U.S. Dist. LEXIS 74201, 2013 WL 2295880, at *6 (S.D. Ohio May 24, 2013) (additional citations omitted)); *Ganci v. MBF Insp. Servs*., S.D.Ohio No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *18 (Dec. 3, 2019)

18

("Given that courts frequently approve attorney's fee awards equaling two to three times the lodestar amount, the fees sought by Class Counsel in this case are well within the reasonable range.") (citing *see Dillow v. Home Care Network, Inc*., No. 2:16-cv-612, 2018 U.S. Dist. LEXIS 170579, at *17-18, 2018 WL 4776977, at *7 (S.D. Ohio Oct. 3, 2018) (approving fee award that was "approximately 2.9 times the lodestar" and noting that the multiplier "is well within the acceptable range of multipliers" for a wage and hour action); *Lowther*, 2012 U.S. Dist. LEXIS 181476, at *17-18, 2012 WL 6676131, at *5 (S.D. Ohio Dec. 21, 2012) (approving a "very acceptable" 3.06 multiplier and citing cases finding multipliers ranging from 4.3 to 8.74 to be reasonable) (additional citations omitted)).

### a.    Class Counsel's Hourly Rates are Reasonable

Under the lodestar method, for purposes of determining a reasonable attorneys' fee, the hourly rate must be calculated in accordance with the prevailing market rate in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984). Generally, the "prevailing market rate [is] defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir.2004) (citing *Adcock–Ladd v. Secretary of Treasury*, 227 F.3d 343, 350 (6th Cir.2000); *Osman*, 2018 U.S. Dist. LEXIS 78222, at *8. Class Counsel Joseph F. Scott, Ryan A. Winters, and Kevin M. McDermott II each have extensive experience in complex civil wage litigation, including Fed. R. Civ. P. 23 class actions, 29 U.S.C. § 216(b) collective actions, and individual wage and hour actions. (*See* ECF #83-4, Decl. of Counsel for Preliminary Approval at ¶¶ 6-13.) The applicable hourly rates for Class Counsel in this complex class/collective wage and hour matter are $500, $425, and $400, respectively.

Recently, Class Counsel Scott & Winters's requested hourly rates were found as reasonable in *Gunter v. Diamond Technical Services, Inc*., No. 2:20-cv-01428, ECF #43 (W.D. Penn. May 6, 2022) (Stickman, J.). In *Gunter*, noting that "[t]he Court [] finds that Class Counsel's attorney hours and hourly rates are reasonable," *id*., the court approved Joseph F. Scott's reasonable requested hourly rate of $550; Attorney Ryan A. Winters' reasonable requested hourly rate of $425; and Attorney Kevin M. McDermott II's requested reasonable hourly rate of $385, *see Gunter* Decl. of Class Counsel, ECF #41-3 at 5, ¶ 9. *See also Foster v. Residential Programs*, S.D.Ohio No. 2:19-cv-2358, 2021 U.S. Dist. LEXIS 30963, at *13 (Feb. 18, 2021) (approving hourly rates in wage and hour litigation ranging from $350 to $500); *Waters v. To You*, S.D.Ohio No. 3:19-cv-372, 2022 U.S. Dist. LEXIS 139084, at *13-14 (Aug. 1, 2022) (approving $600 to $350 hourly rates in wage and hour case); *Perry v. Beard*, S.D.Ohio No. 3:17-cv-161, 2021 U.S. Dist. LEXIS 13717, at *12 (Jan. 23, 2021) (noting that "[c]ourts within the Sixth Circuit have found hourly rates ranging from $300 to $450 to be reasonable for work on FLSA actions…") (citing *see also Berry v. Fun Time Pool & Spa, Inc*., No. 2:20-cv-1610, 2020 U.S. Dist. LEXIS 148836, 2020 WL 4784654, at *2 (S.D. Ohio Aug. 18, 2020) ($445); *Rangel v. Paramount Heating & Air Conditioning, LLC*, No. 2:17-cv-473, 2020 U.S. Dist. LEXIS 39157, 2020 WL 1080418, at *2 (S.D. Ohio Mar. 6, 2020) ($350); *Pineda v. Pit Columbus, LLC*, No. 2:17-cv-668, 2017 U.S. Dist. LEXIS 195288, 2017 WL 5900559, at *4 (S.D. Ohio Nov. 28, 2017) ($450) (additional citations omitted)); *Clark v. Pizza Baker, Inc.,* No. 2:18-cv-157, 2022 U.S. Dist. LEXIS 198354, at *20-21 (S.D. Ohio Oct. 31, 2022) ($600); *Estate of McConnell v. EUBA Corp*., No. 3:18-cv-00355, 2021 U.S. Dist. LEXIS 92836, at *19 (S.D. Ohio May 17, 2021) ($600 - $350); *Gresky v. Checker Notions Co*., No. 3:21-cv-01203, 2022 U.S. Dist. LEXIS 154506, at *21-29 (N.D. Ohio Aug. 26, 2022) (N.D. Ohio wage and hour

20

matter approving as reasonable a $400 rate for attorney who was admitted and started practicing

wage and hour law in November, 2013 (similar to Attorney McDermott), as well as a $450 rate

for attorney who was admitted to practice in 2009 (similar to Attorney Winters (admitted 2010),

whose current rate is $425)).

Courts within this district have also cross-checked plaintiffs' counsel's requested

reasonable rates with rates reported in *The Economics of Law Practice in Ohio in 2013*

("*Economics of Law*"). *Hurt v. Commerce Energy, Inc.*, N.D.Ohio No. 1:12-cv-758, 2018 U.S.

Dist. LEXIS 168134, at *3 (Sep. 28, 2018) (citing Ohio State Bar Association, *The Economics of*

*Law Practice in Ohio in 2013: A Desktop Reference* (2013) ("*Economics of Law*")[4]). In *Hurt*, a

Rule 23 and FLSA matter as here, the court stated that the closest available category for

plaintiff's counsel was that of "Trial Practice, not PI (General Civil)." *Id.* at 2018 U.S. Dist.

LEXIS 168134, at *3, fn. 12. On this parameter, Class Counsel's requested rates here fall

between the 75th and 95th percentiles. *Economics of Law* at 40. Class Counsel's attorney rates

also fall between the 75th and 95th percentiles under the category of Downtown Cleveland office

location. *Id.* at 39. However, as noted in *Hurt*, 2018 U.S. Dist. LEXIS 168134, at *3, "the sought

rates are on the high end of the spectrum. But the *Economics of Law* data is dated and attorney

rates have increased since its publication. And, importantly, Plaintiffs requested fees are within

the spectrum of reported rates." *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551, 130 S.

Ct. 1662, 176 L. Ed. 2d 494 (2010) ("the lodestar method produces an award that *roughly*

approximates the fee that the prevailing attorney would have received if he or she had been

representing a paying client who was billed by the hour in a comparable case.").

---

[4] Available at https://www.ohiobar.org/globalassets/home/member-benefits/personal-finance/osba_econoflawpracticeohio.pdf (last accessed Feb. 2, 2023).

b.       **Class Counsel's Hours Expended are Reasonable**

As of February 2, 2023, Class Counsel had a collective 893.9 hours in this case – a fee lodestar of $372,470.00 based on the above rates. Specifically, Joseph F. Scott had 93.8 hours at $500 per hour; Ryan A. Winters had 221.2 hours at $425 per hour; and Kevin M. McDermott II had 578.9 hours at $400 per hour. (Ex. 4, Decl. of Class Counsel at ¶ 18.) Class Counsel's multiplier as of February 2, 2023 was 0.75, substantially less than the 2.5+ multiplier routinely approved in similar wage and hour cases referenced above that were found as reasonable. (*See id.* at ¶¶ 18-19.)

The tasks required of Class Counsel in this case were of no small undertaking. Class Counsel's efforts included pre-litigation investigation of Named Plaintiffs,' Opt-In Plaintiffs,' and other each subclass members' claims; preparation of the original Complaint; negotiation and submission of the parties' Rule 26(f) report; and investigation of current and former employees of Defendants and putative Class Members. (*Id.* at ¶ 15.) Formal, comprehensive pre-certification discovery including all-encompassing written discovery (including propounding requests for documents and requests for interrogatories on all Defendants, and responding to requests for documents, requests for interrogatories, and requests for admissions of Named Plaintiffs), depositions of Representative Plaintiffs, and individual Defendant John Cloud Jr., as well as third party discovery of Defendants' payroll processor Paycom Payroll LLC ("Paycom"). (*Id.*)

On June 1, 2021, Plaintiffs filed their *Motion For Leave To File First Amended Class and Collective Action Complaint Instanter* (ECF #23), which was granted by the Court on June 17, 2021 (ECF #25). (*See* Ex. 4 at ¶ 16.) Class Counsel expended hundreds of hours preparing certification motions and related exhibits that detailed thousands of alleged payroll violations

based on Defendants' document production, deposition testimony, and interrogatory responses, Named Plaintiffs' testimony and written discovery production, and Paycom's payroll and timekeeping subpoena responses in the form of documents and data production. (*Id.*) On June 1, 2021, Plaintiffs filed their *Motion for Fed. R. Civ. P. 23 Class Certification, Conditional Certification Pursuant to 29 U.S.C. § 216(b), and Appointment of Class Counsel.* (ECF #24, the "Class Certification Motion.") The Class Certification Motion moved for class certification of two state law Fed. R. Civ. P. 23 subclasses – the *Rule 23 Off the Clock Class* and the *Rule 23 Regular Rate Class* – as well as conditional certification pursuant to 29 U.S.C. § 216(b) of two federal law subclasses – the *FLSA Off the Clock Class* and the *FLSA Regular Rate Class*. Along with the Class Certification Motion, Class Counsel created and attached Appendix A (ECF #24-1), a spreadsheet containing more than 7,500 examples demonstrating the alleged time manipulation policies at the core of this litigation. Ultimately, Defendants did not oppose, and the Court granted Plaintiffs' Class Certification Motion on July 15, 2021. (ECF #31.)

Prior to the close of post-class certification discovery, the parties engaged in over a dozen class/collective action member depositions (Kevin Schaffer, Michael Nixon, Kevin Dierkes, David Roser, Jerry Jones, Chris Adams, Brittany Rathwell, Kevin Vance, Jr., Tonya Sibert, Larry Abernathy, Tessie Sherrard, Robert R. White, III, Martin E. Konicek, Jr., and Felicia Markus/Randall), further analysis of hundreds of thousands of records and millions of data points in the form of all timekeeping, payroll, time editing and time rounding, and all other wage and hour records in Defendants' as well as third party payroll provider Paycom's possession produced in discovery. (Ex. 4 at ¶ 17.)  Prior to the two mediations before Magistrate Judge William H. Baughman, Jr., on May 17, 2022 and July 27, 2022, Defendants and Paycom (*via* subpoena) produced Microsoft Excel compatible spreadsheets containing payroll data comprised

of millions of data points for Defendants' hourly workers comprising of the settlement classes. (*Id.*) Class Counsel electronically transcribed all relevant provided data into an electronic, aggregate computable format. (*Id.*) Class Counsel's comprehensive analysis and final computations permitted a calculation of the unpaid wages for the Plaintiffs and all other members of the proposed settlement subclasses. (*Id.*) In advance of both of the mediations, Plaintiffs provided a comprehensive mediation position statement, which were both provided to defense counsel and the mediator. (*Id.*) Class Counsel's comprehensive investigation included an analysis of the wage-and-hour information and other data and documents comprising of millions of data points from the records produced by Defendants which permitted the parties to compute a calculation of the alleged unpaid overtime for the Named Plaintiffs, FLSA Collective members, and putative Rule 23 Subclasses members. (*Id.*) Based on the size of the data set, the analyses were difficult and incredibly time-consuming, but proved instrumental to the negotiation of the proposed Settlement. (*Id.*)

Moreover, Class Counsel's lodestar has not been adjusted to account for the time Class Counsel will expend fulfilling the obligations in the Settlement Agreement, monitoring the administration of the Settlement, continuing to respond to questions and inquiries from FLSA Collective action members, Named Plaintiffs, the hourly employees of Defendants who comprise of the *Rule 23 Subclass 1* and *Rule 23 Subclass 2*, and continuing representation of Plaintiffs and Class Members through the conclusion of this matter and disbursement of settlement proceeds. (*Id.* at ¶ 20.) Class Counsel have extensive experience in these matters, and are well familiar with the many additional tasks that Counsel will dutifully complete through this matter's conclusion. (*Id.*) The timeline for settlement administration established by the parties' agreement will require the settlement administration to last a minimum of six months after the final approval order is

24

entered. Based upon prior settlements of similar size, Counsel anticipates expending on average an additional two (2) to eight (8) hours each month for several months in settlement administration after the date the final approval order is entered. (*Id.*) Once final approval is entered, and settlement checks are sent to all Class Members, Class Counsel will almost certainly receive many telephone calls, text messages and emails from Class Members regarding the case. (*Id.*)  Class participants routinely contact Counsel for questions regarding the exact nature of the litigation, the effect of settlement, the precise calculation methodology for their individual awards, and the anticipated timeline for receiving a payment, even after the entering of final approval. (*Id.*; *see* ECF #83-1, Settlement Agreement at PageID ##2419-2423, ¶¶ 8-11.) Moreover, with a total class number of this size, there will inevitably be uncashed checks. (Ex. 4, Decl. of Class Counsel at ¶ 20.) The demands on Class Counsel in completing its obligations as Class Counsel, as well as overseeing administration of a settlement of this size, is of no small undertaking. (*Id.*)

Class Counsel's lodestar also does not include the approximately 20-30 additional hours counsel collectively has and will spend preparing, reviewing changes by defense counsel, and finalizing the briefing of this motion and related exhibits up to and until the filing of this motion (between February 2, 2023 (Class Counsel's declaration date) and the date of this filing), preparing for and participating in the Fairness Hearing, and any other work completed since February 2, 2023 to the date the final approval order is entered. (*Id.* at ¶ 21.)  Class Counsel therefore expects that the total attorney hours expended at the final conclusion of this matter, more than six (6) months from the drafting of Class Counsel's declaration, will be approximately 925.9 - 971.9 total lodestar hours, a lodestar amount (based upon an average rate of $441.67) of $408,939.17 - $429,255.83, or a lodestar multiplier of 0.68 – 0.65. (*Id.*)

At a combined current fee lodestar of $372,470.00, the requested attorney fee of $278,165.47 results in a "negative multiplier" if the Court approves the requested settlement payment as to attorneys' fees. (*See* Ex. 4 at ¶ 22.) Such a negative multiplier supports that the fee sought is reasonable, *see, e.g, Rikos v. P&G*, S.D.Ohio No. 1:11-cv-226, 2018 U.S. Dist. LEXIS 72722, at *26 (Apr. 30, 2018) (citing *see Walls v. JP Morgan Chase Bank, N.A.*, Case No. 3:11-cv-673-DJH, 2016 U.S. Dist. LEXIS 142325, at *18 (W.D. Ky. Oct. 13, 2016)), and given that Class Counsel's current and projected final lodestar is on the very low-end of the acceptable range, a lodestar cross-check of the attorneys' fees to be paid to Class Counsel eminently supports the reasonableness of the fee request. *See, e.g., Waters*, 2022 U.S. Dist. LEXIS 139084, at *13 (approving 3.79 multiplier in FLSA case) (citing *Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 U.S. Dist. LEXIS 207512, at *19 (S.D. Ohio Nov. 5, 2020) (approving a multiplier of 5.29)); *Swigart*, 2014 U.S. Dist. LEXIS 94450, at *17-18 (approving 2.57 multiplier); *Dillow*, 2018 U.S. Dist. LEXIS 170579, at *17-18 (approving 2.9 multiplier); *Lowther*, 2012 U.S. Dist. LEXIS 181476, at *17-18 (approving 3.06 multiplier and noting ranges from 4.3 to 8.74 have been found to be reasonable); *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *18 ("courts frequently approve attorney's fee awards equaling two to three times the lodestar amount...").

### c.    The Costs Expended by Class Counsel were Both Reasonable and Necessary

Class Counsel also maintain records regarding costs expended on each case. (Ex. 4, Decl. of Class Counsel at ¶ 14.) Class Counsel has incurred, and will incur through administration of this matter, reimbursable out-of-pocket expenses in this case in the amount of $5,139.53. (*Id.* at ¶ 23.)  These costs and expenses consist of the case filing fee, service of the complaint, postage costs, printing costs for depositions, administration costs related to class certification notice to

class/collective members, and deposition and transcript costs, in the total amount of $5,139.53.

(*Id.*) In addition, the settlement includes a payment to settlement administrator SSI for costs of

administration in the amount of $27,000.00. (ECF #83-1, Settlement Agreement at PageID

#2422-23, ¶ 11.) These expenses constitute costs that were reasonably necessary to prosecute and

finalize the action and administrate the settlement.

## VI.    CONCLUSION

For the reasons addressed herein and in the Preliminary Approval Motion, the parties

respectfully ask the Court to approve this Settlement and enter the Proposed Final Order and

Judgment attached as Exhibit 1, which incorporates the Final Class Member List attached as

Exhibit 3.


Respectfully submitted,


*s/ Ryan A. Winters*                                 *s/ Sara H. Jodka         (via email consent)*
Joseph F. Scott (0029780)                   Jonathan R. Secrest (0075445)
Ryan A. Winters (0086917)                  Sara H. Jodka (0076289)
**SCOTT & WINTERS LAW FIRM, LLC**       **DICKINSON WRIGHT PLLC**
P: (216) 912-2221    F: (440) 846-1625     180 E. Broad Street, Suite 3400
50 Public Square, Suite 1900                 Columbus OH 43215
Cleveland, OH 44113                           (614) 744-2938
jscott@ohiowagelawyers.com               (844) 670-6009 (Fax)
rwinters@ohiowagelawyers.com          jsecrest@dickinson-wright.com
                                                          sjodka@dickinsonwright.com

Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**       *Attorneys for Defendants*
P: (216) 912-2221    F: (440) 846-1625
11925 Pearl Rd., Suite 310
Strongsville, Ohio 44136
kmcdermott@ohiowagelawyers.com

*Class Counsel*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt.

*/s Ryan A. Winters*
Ryan A. Winters (0086917)

**CERTIFICATE OF COMPLIANCE WITH PAGE LIMITATION REQUIREMENTS**

I, undersigned filing counsel, state that this matter has been assigned to the standard track,

and I hereby certify that the above Memorandum in Support complies with the Court's February 6,

2023 Order [non-document] allowing the brief filed herein to exceed the page limitations set forth in

N.D. Ohio Local Rule 7.1(f). (*See also* ECF #89 (requesting not to exceed page limitation extension

for memorandum in support of 27 total pages).)

*/s Ryan A. Winters*
Ryan A. Winters (0086917)