IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. RAPP. SR., et al., | ) | Case No. 1:20-cv-2059 |
| *On behalf of themselves and all others* | ) | |
| *similarly situated*, | ) | |
| | ) | MAGISTRATE JUDGE |
| Plaintiffs, | ) | THOMAS M. PARKER |
| | ) | |
| v. | ) | |
| | ) | |
| FOREST CITY TECHNOLOGIES, | ) | |
| INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING JOINT MOTION FOR CERTIFICATION OF THE
SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT,
AND OTHER ASSOCIATED RELIEF[1]**

This matter is before the court for consideration of plaintiffs Mark A. Rapp, Sr. and A.

Michael Perrine's and defendants Forest City Technologies, Inc. and John Cloud, Jr.'s "Joint

Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement,

and Other Associated Relief" ("Motion") (ECF Doc. 90); the "Class/Collective Action

Settlement Agreement" (ECF Doc. 83-1, the "Settlement Agreement"); the "Joint Motion for

Preliminary Approval of Class Action Settlement" (ECF Doc. 83); the Declaration of Settlement

Class Administrator Settlement Services, Inc. (ECF Doc. 90-2); all related filings, exhibits and

declarations attached to the above and related filings (collectively referred to as the "Motion

---

[1] The parties consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.
R. Civ. P. 73.  ECF Doc. 17.

papers"), and the arguments and representations of counsel during the February 16, 2023 fairness

hearing, and all other papers and proceedings herein.  Upon due consideration, it is hereby

ORDERED that the Motion is GRANTED as follows:

     1.     The Court **CERTIFIES A SETTLEMENT CLASS** defined in the Settlement

Agreement as *Rule 23 Subclass 1* comprised of all present and former hourly employees of

defendant Forest City Technologies, Inc. in Ohio, except those who edited times of other

manufacturing employees in the Paycom timekeeping software, during the period of October 1,

2017 and until October 1, 2019 and who were not included in the *Nagy v. Forest City*

*Technologies, Inc., et al.*, N.D. Ohio No. 1:19-cv-02290 settlement, and who did not previously

exclude themselves from this action.  Based on the evidence and arguments presented in the

Motion papers and during the fairness hearing, the *Rule 23 Subclass 1* settlement class satisfies

Fed. R. Civ. P. 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of

representation – as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common

questions of law or fact "predominate over any questions affecting only individual members"

and that the "class action is superior to other available methods for fairly and efficiently

adjudicating the controversy."

     2     The Court further **CERTIFIES A SETTLEMENT CLASS** defined in the

Settlement Agreement as *Rule 23 Subclass 2* comprised of (a) all present and former hourly

manufacturing employees of defendant Forest City Technologies, Inc. in Ohio who were not

included in the *Nagy v. Forest City Technologies, Inc., et al.*, N.D. Ohio No. 1:19-cv-02290

settlement, during the period of September 14, 2018 to July 27, 2022, and who did not previously

exclude themselves from this action, and (b) all present and former hourly manufacturing

employees of defendant Forest City Technologies, Inc. in Ohio who were included in the *Nagy v.*

*Forest Technologies, Inc., et al.*, N.D. Ohio No. 1:19-cv-02290 settlement, during the period of

July 20, 2020 to July 27, 2022, and who did not previously exclude themselves from this action.

Based on the evidence and arguments presented in the Motion papers and during the fairness

hearing, the *Rule 23 Subclass 2* settlement class satisfies Fed. R. Civ. P. 23(a)'s four

requirements – numerosity, commonality, typicality, and adequacy of representation – as well as

Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact

"predominate over any questions affecting only individual members" and the "class action

superior to other available methods for fairly and efficiently adjudicating the controversy."

      3.      Under the settlement, defendants will pay a total of $850,000.00 plus any payroll

taxes (such as, for example, worker's compensation insurance, unemployment insurance, or the

employer's social security contributions) ordinarily borne by defendants pursuant to normal

payroll practices, to be distributed as follows: (i) $464,195.00 will be paid to the 156 members of

the *Rule 23 Subclass 1* including the named plaintiffs and FLSA Collective Action Members to

the extent they are members of the *Rule 23 Subclass 1*, as provided for in the Settlement

Agreement (ECF Doc. 83-1) and Final Class Member List (ECF Doc. 90-3); (ii) $50,000.00 will

be paid to the 389 members of the *Rule 23 Subclass 2* including the named plaintiffs and FLSA

Collective Action Members to the extent they are members of the *Rule 23 Subclass 2*, as

provided for in the Settlement Agreement (ECF Doc. 83-1 and Final Class Member List (ECF

Doc. 90-3); and (iii) a $7,500.00 service award will be paid to each of the named plaintiffs, Mark

A. Rapp, Sr. and A. Michael Perrine (for a total of $15,000.00), and service awards will be paid

to Class/Collective Members who had their depositions taken – Kevin Schaffer, Michael Nixon,

Kevin Dierkes, David Roser, Jerry Jones, Chris Adams, Brittany Rathwell, Kevin Vance, Jr.,

Tonya Sibert, Larry Abernathy, Tessie Sherrard, Robert R. White, III, Martin E. Konicek, Jr.,

and Felicia Markus/Randall – in the amount of $750.00 each (for a total of $10,500.00); (iv) a total of $283,305.00 (representing $278,165.47 in attorney fees (32.7% of the total settlement fund) and $5,139.53 in costs) will be paid to Class Counsel; and (v) $27,000.00 will be paid to third-party settlement administrator Settlement Services, Inc. for administration of the settlement.

4.      The Court **APPROVES** the payment of $464,195.00 to *Rule 23 Subclass 1* members, as well as the payment of $50,000.00 to *Rule 23 Subclass 2* members, as "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favors approval as to both settlement subclasses.

5.      The Court **APPROVES** the Covered Class/Collective Members' release of the "Released Claims" as provided in the Settlement Agreement (ECF Doc. 83-1 at 6, 8 ¶4), as well as the other terms of the Settlement Agreement because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the settlement "was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties."  *Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *2 (N.D. Ohio May 4, 2018) (citing, *inter alia*, *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)); *Filby v. Windsor Mold USA, Inc.*, No. 3:13 cv 1582, 2015 U.S. Dist. LEXIS 30034, at *5–6 (N.D. Ohio Mar. 11, 2015); *see also Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 U.S. Dist. LEXIS 74994, at *16–18 (S.D. Ohio May 30, 2012).

6.      The Court **APPROVES** the payment of a $7,500.00 service award to each of the named plaintiffs, Mark A. Rapp, Sr. and A. Michael Perrine (for a total of $15,000.00).  Named plaintiffs Mark A. Rapp, Sr. and A. Michael Perrine "spent a good deal of time and effort in this

4

case," *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990), by consulting with class counsel at critical stages, providing important and necessary documents and information throughout the course of the litigation, personally responding to comprehensive written discovery requests, personally sitting for depositions, and faithfully representing all class members' interests throughout the pendency of this matter.  Furthermore, the named plaintiffs and class counsel represent that the named plaintiffs faithfully represented the interests of all class members and ably assisted class counsel.  The Court further **APPROVES** the payment of $750.00 service award to each of the Class/Collective Members who had their depositions taken – Kevin Schaffer, Michael Nixon, Kevin Dierkes, David Roser, Jerry Jones, Chris Adams, Brittany Rathwell, Kevin Vance, Jr., Tonya Sibert, Larry Abernathy, Tessie Sherrard, Robert R. White, III, Martin E. Konicek, Jr., and Felicia Markus/Randall – in the amount of $750.00 each (for a total of $10,500.00).  These individuals took time away from their paying jobs and/or their other obligations to attend depositions, and each provided testimony that further drove negotiation of the proposed settlement.  The service awards are justified by each of the recipients' efforts on behalf of the class and are consistent with awards in other wage and hour class actions approved by courts within this district and division.  *See, e.g.*, *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *18 (N.D. Ohio Mar. 26, 2019) (approving $7,500 service award to the representative plaintiff); *Osman*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222, at *4–6 (approving $7,500 service award to the named plaintiff and $750.00 service award to opt-in plaintiffs who provided declarations); *Myers v. Loomis Armored US, LLC*, No. 3:18-cv-00532, 2020 U.S. Dist. LEXIS 62941, at *17–19 (W.D. N.C. Apr. 8, 2020) (approving service awards ranging from $2,500 to $12,500 for opt-in plaintiffs who participated in discovery and/or attended depositions); *Knox v. Jones Grp.*, No.

15-cv-1738, 2017 U.S. Dist. LEXIS 146049, at *10 (S.D. Ind. Aug. 31, 2017) (approving service awards of $1,000 to 22 opt-in Plaintiffs who gave depositions).

7.    The law firm of Scott & Winters Law Firm, LLC, who was previously appointed as class counsel on July 15, 2021, remains as class counsel.  *See* ECF Doc. 31 at 24 ("Plaintiffs' counsel have met the requirements of Rule 23(g) and are therefore appointed Class Counsel as to the Rule 23 Subclasses."); ECF Doc. 84 at 6 ¶17.

8.    The Court **APPROVES** the total payment to class counsel in the amount of $283,305.00, representing $278,165.47 in attorney fees and $5,139.53 in litigation expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the fee payment – which amounts to 32.7% of the total $850,000.00 settlement fund – falls within the range of fees awarded by courts within this district and division in other wage and hour class action settlements, *see Barnes*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *13–17 (citing cases), and is supported by each of the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).  In addition, the reimbursed litigation expenses and costs incurred by class counsel were necessary and reasonable and are approved.

9.    The Court **APPROVES** the payment to Settlement Class Administrator Settlement Services, Inc. in the amount of $27,000.00 for settlement administration expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, such settlement administration expenses are necessary and reasonable.

10.   This action is **DISMISSED WITH PREJUDICE**.  This Final Approval Order is a final judgment for purposes of appeal and this document shall be considered notice of entry of

such judgment.  There being no just reason for delay in the entry of final judgment, the Clerk is hereby directed to enter judgment thereon.

11.     Without affecting the finality of this judgment in any way, the Court retains continuing jurisdiction over the parties for the purpose of construing, enforcing, and administering this Order and the terms of the Class/Collective Action Settlement Agreement (ECF Doc. 83-1).


        **IT IS SO ORDERED.**

Dated: February 16, 2023

                                        Thomas M. Parker
                                        United States Magistrate Judge

7